O P I N I O N
Defendant James Walton appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which convicted and sentenced him for one count of domestic violence in violation of R.C. 2919.25, after a jury found him guilty. Appellant assigns five errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED BY DECLARING THE ALLEGED VICTIM AS A COURT'S WITNESS AND ALLOWING THE STATE TO IMPEACH HER AFTER THE ALLEGED VICTIM WAS INITIALLY CALLED AS A STATE'S WITNESS.
ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT A MISTRIAL WHEN THE STATE REPEATEDLY USED THE TERM "DOMESTIC VIOLENCE" IN ITS CASE IN CHIEF.
ASSIGNMENT OF ERROR III
 APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DUE TO TRIAL COUNSEL'S FAILURE TO PROPERLY OBJECT TO THE ADMISSION OF THE ALLEGED VICTIM'S STATEMENT TO THE POLICE WHICH WAS NOT PROVIDED TO APPELLANT PRIOR TO TRIAL IN RESPONSE TO A MOTION FOR EXCULPATORY EVIDENCE.
ASSIGNMENT OF ERROR IV
 APPELLANT'S CONVICTION FOR DOMESTIC VIOLENCE WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
ASSIGNMENT OF ERROR V
 THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE WITHOUT COMPLYING WITH THE STATUTORY CRITERIA OR MAKING THE REQUISITE FINDINGS.
At trial, the State presented evidence appellant beat up his girlfriend on May 24, 2000. The State called three witnesses, the victim and the two Canton City Police officers who investigated the incident. Appellant presented no evidence, but defense counsel argued to the jury the victim was accidentally injured during horseplay and playful wrestling during which the appellant inadvertently became too rough.
 I
In his first assignment of error, appellant argues that the trial court should not have declared the alleged victim its own witness and allowed the State to impeach her testimony, because the State initially called the alleged victim as its witness.
Prior to trial, the prosecutor advised the court the State might ask the trial court to call the alleged victim as its witness because her testimony to the Grand Jury was inconsistent with the statement she gave to the police on the night of the incident. The State called the alleged victim as its first witness, but after she had testified at some length, the State moved the court to declare her court's witness. The trial court declared the victim to be the court's witness over appellant's objection.
Evid. R. 614 permits the trial court to call witnesses. The court may do so on its own motion or on the motion of a party, and all parties must be allowed to cross examine the court's witnesses. The Supreme Court has held the decision to call individuals as witnesses of the court lies in the sound discretion of the trial court, see State v. Adams (1980),62 Ohio St.2d 151.
The victim's testimony at trial was much different than statements she gave to police, and the statements on the incident report the victim signed.
Our review of the record leads us to conclude the trial court did not abuse its discretion in calling the alleged victim as its own witness and permitting the State to cross-examine her.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant argues the trial court should have granted a mistrial because the prosecutor and both police officers repeatedly referred to the incident as "domestic violence." Appellant urges the issue of whether the incident was domestic violence is a finding of fact to be left for the jury's determination. Appellant maintains the repeated use of the terminology invaded the province of the jury and was prejudicial to the appellant.
Motions for mistrial are addressed to the sound discretion of the trial court, see State v. Garner (1995), 74 Ohio St.3d 49 at 59. A mistrial should be declared only when justice requires it because it is no longer possible to afford the accused a fair trial, Id.
From the very beginning, the jurors were aware appellant had been charged with domestic violence. They learned this initially from the court at the start of voir dire, and were certainly aware throughout the trial that domestic violence was the issue. Starting in voir dire, and also before the jury retired to deliberate, the court advised the jury to approach the case with open minds, and advised the jury the statements of counsel were not evidence. The trial court very properly charged the jury it was to evaluate the testimony and the witnesses before reaching its conclusion.
We find the trial court did not abuse its discretion in overruling the motion for a mistrial. Accordingly, the second assignment of error is overruled.
 III
In his third assignment of error, appellant urges he was denied the effective assistance of counsel because counsel failed to secure exclusion of the victim's statement to police, and failed to proffer certain evidence appellant characterizes as exculpatory.
The United States Supreme Court has devised a two-prong test for reviewing courts to apply to claims of ineffective assistance of counsel, Strickland v. Washington (1984), 466 U.S. 668. An accused must first show counsel's performance was deficient, falling below an objective standard of essential duty to the client, and also that counsel's deficient performance actually prejudiced the accused's ability to receive a fair and reliable trial. The Ohio Supreme Court has adopted the Strickland test, see State v. Bradley (1989), 42 Ohio St.3d 136.
Regarding the statement to police, the appellant had moved to discover exculpatory evidence prior to trial. The alleged victim's statement to police was not provided in response. At trial, the appellant objected to the State's use of the statement.
Appellant argues the victim's statement to police was exculpatory evidence because the statement was inconsistent with alleged victim's testimony before the Grand Jury.
First of all, we find not all inconsistent statements are exculpatory, but rather, it depends on the nature of the inconsistency. Appellant argues defense counsel was ineffective because he failed to proffer the police reports so they would be part of the record before us.
At trial, the State called both investigating officers. Defense counsel had the police reports, and presumably could compare the officers' testimony to the reports and impeach them if appropriate. The trial court reviewed the reports and found they were not exculpatory to appellant. Counsel's failure to put the reports into the record was an exercise of counsel's trial strategy, because the reports contained evidence favoring the State.
We find the record does not demonstrate trial counsel's performance was deficient in any way. Accordingly, the third assignment of error is overruled.
 IV
Appellant urges his conviction was against the manifest weight and sufficiency of the evidence. In State v. Thompkins (1997),78 Ohio St.3d 380, the Ohio Supreme Court explained similarities and differences between these two concepts. The issue of sufficiency of the evidence is a legal issue. To determine whether the conviction is against the sufficiency of the evidence, we as a reviewing court must examine the evidence in a light most favorable to the prosecution, and determine whether, as a matter of law, the evidence produced at trial is adequate to support the conviction with evidence going to each element of the offense charged.
Weight of the evidence claims, on the other hand, address the issue of the amount and credibility of the evidence presented on one side of the issue. This court should not reverse on the manifest weight of the evidence unless we find the jury lost its way in interpreting the facts presented, so that its verdict amounts to a manifest miscarriage of justice, Thompkins at 387.
Our review of the evidence leads us to conclude the jury's verdict was not against the manifest weight and sufficiency of the evidence. For this reason, the fourth assignment of error is overruled.
 V
Finally, appellant challenges the court's imposition of the maximum sentence. Pursuant to R.C. 2929.14 (C), the trial court should only impose the longest prison term upon offenders who have committed the worst forms of the offense, or possessed the greatest likelihood of committing future crimes. If the court imposes the maximum prison term, it must state its reasons, see R.C. 2929.19 (B). This court has held it is sufficient for a trial court to set forth its reasons orally in the sentencing hearing, rather than requiring the court make the findings in its written decision, State v. Knighton (May 24, 1999), Stark App. 1998 CA0190, unreported.
At the sentencing hearing, the trial court noted the appellant was on probation at the time of the present offense. The court found appellant has a history of criminal convictions, several of which were violent. The court found the appellant had two prior domestic violence convictions. The court found appellant represented the greatest likelihood of recidivism.
We find the statements the court made in addressing appellant on sentencing are sufficient to comply with the Revised Code's requirements.
The fifth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
 _________________________ Gwin, J
By Gwin, P.J., Edwards, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.